# OFFICE OF THE ESSEX COUNTY PROSECUTOR

## CAROLYN A. MURRAY
### ACTING ESSEX COUNTY PROSECUTOR

ESSEX COUNTY VETERANS COURTHOUSE, NEWARK, NEW JERSEY 07102

Tel: (973) 621-4700        Fax: (973) 621-5697



**ROBERT D. LAURINO**
ACTING FIRST ASSISTANT PROSECUTOR

**ANTHONY F. AMBROSE**
ACTING CHIEF OF PROSECUTOR'S DETECTIVES

April 8, 2014

Honorable Judges of the United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re:  Naeem Miller, et al.,
Docket No. 14-1789**

Honorable Judges:

Please accept this letter as the respondents' opposition to the petitioner's application for a certificate of appealability in this matter.

When the District Court declines to issue a certificate of appealability, a court of appeals cannot entertain an appeal of the denial of habeas corpus relief unless a circuit justice or judge issues a certificate of appealability. Miller-El v. Cockrell, 537 U.S. 322, 335-6 (2003); 28 U.S.C. §2253(c)(1). Before a court of appeals grants a certificate of appealability, the petitioner must meet the heavy burden of establishing "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 483

(2000); United States v. Cepero, 224 F.3d 256, 262 (3rd Cir. 2000). To meet that burden, a petitioner need not show that his appeal will succeed. He must, though, demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, supra at 327; Slack, supra.

The court of appeals reviewing a petitioner's request for a certificate of appealability should not decide the merits of the appeal and not give "full consideration of the factual and legal bases in support of the claims." Rather, it should "limit its examination to a threshold inquiry into the underlying merit of his claim." Id. at 327, 336.

"[H]abeas corpus is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state court...." Williams v. Taylor, 529 U.S. 362, 383 (2000). The Supreme Court emphasized that the habeas corpus statute "is fairly read simply as a command that a federal court not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case." Id. at 385. In this case, the District Court properly found that the state courts' rulings were consistent with Supreme Court

precedent and declined to issue a certificate of appealability because the petitioner had not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

The state courts' factual findings and legal conclusions in this matter were not only "reasonable," they were "correct" as well. Wright v. West, 505 U.S. 277, 305 (1992). Respondents rely on the well-reasoned decisions of the District Court and the Superior Court of New Jersey, Appellate Division. There is no indication that the state courts' rulings were so wide of the mark of existing precedent to justify habeas corpus relief under the deferential standard set forth by 28 U.S.C. §2254(d). Therefore, the petitioner has failed to meet his burden of proof and, consequently, respondents respectfully request that a certificate of appealability not be issued.

Here, the claims petitioner raises are without substance. Respondents respectfully submit that this Court should exercise its discretion and deny petitioner's motion.

Respectfully submitted,

CAROLYN A. MURRAY
ACTING ESSEX COUNTY PROSECUTOR

S/ Andrew R. Burroughs

ANDREW R. BURROUGHS
SPECIAL DEPUTY ATTORNEY GENERAL
ACTING ASSISTANT PROSECUTOR

Grissom v. Mee, et. al., Docket No. 12-2729
Page 4 of 4
July 23, 2012

cc: Mr. Naeem Miller, _pro se_